CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.
Julian Bach, CA State Bar No. 162421
Law Office of Julian Bach
17011 Beach Blvd., Suite 300
Huntington Beach, CA 92647
Telephone: (714) 848-5085
Facsimile: (714) 848-5086
Attorney for Kondaur Capital Corporation

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re   LORAN KELLEY, JR.

Debtor.

BANKRUPTCY NO.   12-00246-MM11

KONDAUR CAPITAL CORPORATION

Moving Party

RS. NO. JKB-01

LORAN KELLEY, JR., Debtor and Debtor-In-Possession

Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
[x] REAL PROPERTY    [ ] PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter  [ ] 7  [x] 11  [ ] 12  [ ] 13  was filed on  1/10/2012  .

2. Procedural Status:
   a. [ ] Name of Trustee Appointed *(if any)*:

   b. [ ] Name of Attorney of Record for Trustee *(if any)*:

   c. [ ] *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on:_____.
      If applicable, the prior case was dismissed on: _____.

   d. [ ] *(If Chapter 13 case):* Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for_____.

Movant alleges the following in support of its Motion:

1. [x] The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      1463 La Honda Drive, Escondido, California 92027

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved): residential real property.

   c. Legal description of property is attached as Exhibit A.

CSD 1160

  d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

  e. *Fair market value of property as set forth in the Debtor's schedules: $ 560,000.00

  f. *Nature of Debtor's interest in the property: fee simple

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

  a. Fair market value of property as set forth in the Debtor's schedules: $_____

  b. Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $560,000.00

4. *Nature of Movant's interest in the property: first deed of trust

5. *Status of Movant's loan:
  a. Balance owing on date of Order for Relief: $ 1,267,848.87
  b. Amount of monthly payment: $ 6,667.04
  c. Date of last payment:
  d. If real property,
   i. Date of default: 12/01/2008
   ii. Notice of Default recorded on: 09/13/2011
   iii. Notice of Sale published on: 12/15/2012
   iv. Foreclosure sale currently scheduled for:
  e. If personal property,
   i. Pre-petition default: $_____ No. of months:_____
   ii. Post-petition default: $_____ No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
  a. Date of post-petition default:
  b. Amount of post-petition default: $_____

7. Encumbrances:
  a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | $1,002,106.43 | $295,034.55 | 38 | | |
| 2nd: | | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $1,002,106.43 | $295,034.55 | | | |

  b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:

   ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:

   a. ☒ Movant's interest in the property described above is not adequately protected.

   b. ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☒ *Other cause exists as follows *(specify)*: ☐ See attached page.

There is no equity in the subject property and the subject loan is in default.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:

2. ☒ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒ Relief as requested.

☒ Other: waiver of the 14 day stay prescribed by Bankruptcy Rule 4001(a)(3). In addition to authorizing foreclosure, for an Order permitting activity necessary to obtain possession of the subject property, including engaging in loss mitigation activity such as short payoff, short sale, and the obtaining of a deed in lieu of foreclosure.

Dated: 01/27/2012

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

# DECLARATION OF ANNETTE TORRES

I, Annette Torres, declare as follows:

1. I am over the age of eighteen and have personal knowledge of the facts contained in this declaration, and if called upon to testify thereto I could and would testify competently to the facts contained herein.

2. I am now, and at all times relevant hereto have been a Bankruptcy Specialist for Movant Kondaur Capital Corporation ("Movant" herein). In such capacity, I have custody and control of the business records of Movant as they relate to the subject property of this action located at 1463 La Honda Drive, Escondido, California 92027 ("subject property" herein), and to the loan transaction which is the subject of this action. I am familiar with the manner in which those records are compiled.

3. The records of Movant are made in the ordinary course of business by persons who have a business duty to Movant to make such records. The records were made at or near the time of the occurrence of the event or events of which they are of record. I have personally reviewed Movant's records as they relate to the subject transaction herein, and, as a result, I am qualified to testify to the facts herein.

4. On or about July 11, 2007, Quick Loan Funding, Inc. ("Quick Loan") funded a loan to Debtor Loran Kelley, Jr. (the "Debtor" herein) in the original principal sum of $960,000.00 plus interest at a rate as defined in the Note. The loan is secured by a duly executed Deed of Trust ("Deed of Trust") against the subject property. Attached hereto as Exhibits B and C are copies of said Note and Deed of Trust. The Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee of lender Quick Loan and its successors to be the beneficiary under the Deed of Trust.

5. In July 2008, all of the interest in the Note and the Deed of Trust were transferred by MERS to Citigroup Global Markets Realty Corporation, and in December 2010, Citigroup Global Markets Realty Corporation transferred and delivered to all of its rights and interest in the Note and Deed of Trust to Movant, along with an endorsement of the Note. The

endorsement of the Note is included as part of Exhibit B attached hereto. Attached hereto as Exhibit D are copies of the recorded Assignments of Deed of Trust.

6.  Since December 2010, Movant has been and maintains possession of the original Note as endorsed.

7.  Pursuant to the terms of the subject loan documents, the Debtor was to tender payments in the initial amount of $7,897.68 per month, and in the current adjusted amount of $6,667.04, commencing September 1, 2007, at an interest rate more fully set forth therein. Pursuant to the terms of the subject loan documents, the subject loan is to mature on August 1, 2037.

8.  In or about December 2008, the Debtor defaulted under the terms of the subject loan by failing to make the payment then due, along with subsequent payments, late charges, fees and costs. Based upon the loan default, on September 13, 2011, non-judicial foreclosure proceedings were commenced against the subject property with the recording of a Notice of Default. Further, on December 15, 2011, a Notice of Trustee's Sale was recorded against the subject property, with a non-judicial foreclosure sale scheduled for January 12, 2012.

9.  On January 10, 2012, or just prior to the scheduled foreclosure sale, the Debtor voluntarily commenced the instant Chapter 11 proceeding.

10. As of the date of this Declaration, the following is due and owing to Movant on this subject loan:

| | |
|---|---|
| Principal Balance | $1,002,106.43 |
| Accrued Interest | $   224,055.41 |
| Legal Fees | $          766.10 |
| Escrow Advances (Taxes/Ins) | $     40,920.93 |
| Total Amount Due and Owing | $1,267,848.87 |

Further, a payment comes due on February 1, 2012, and on the first day of each month thereafter, with an additional late charge accruing each month if the payment is not made within fifteen (15) days of which it first comes due.

Kondaur Capital Corporation v. Kelley; 12-00246-MM11          2

11. Based upon Debtor's Schedule A - Real Property filed in this proceeding, a true and correct copy of which is attached hereto as Exhibit E and incorporated herein by reference, the Debtor values the subject property at $560,000.00.

12. It is my understanding that on properties which have been foreclosed upon within the State of California, certain costs of sale are incurred during the sale of such property. Movant's experiences indicate that those costs of sale consistently average approximately seven percent (7%) of the gross sales amount for a brokerage fee, plus miscellaneous fees consisting of escrow filing fee, document preparation, and title fees, which consistently average one percent (1%) of the gross amount received at the sale.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20 day of January, 2012, at Orange, California.

_____
Annette Torres, Declarant

**In re Loran Kelley, Jr.**
**Chapter 11 Case No. 12-00246-MM11**

**Supplemental Points and Authorities In Support Of Request For Relief From The Automatic Stay**

### A. There Is No Equity In The Subject Property.

As of the date of the Order For Relief in this proceeding, the balance due and owing on Movant's loan was $1,267,848.87. (See Motion, page 2, ¶5). Further, the Debtor scheduled the subject property at a value of $560,000.00. (See Exhibit E attached to the Motion).

As stated by the Ninth Circuit Court of Appeals, "equity" is the value of all secured claims against the property that can be realized *from the sale of the property* for the benefit of unsecured creditors. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984), citing *La Jolla Mortgage Fund v. Rancho El Cajon Associates*, 18 B.R. at 287 (S.D. Cal 1982). In this case, subtracting the deed(s) of trust and other lien(s) set forth above from the Debtor's value of the subject property, less a cost of sale, results in the Debtor(s)'s equity in the subject property to be **$0.00** (§ 362(d)(2)(A)).

### B. The Property Is Not Necessary For Reorganization.

Given the lack of equity, stay relief must be granted, then, unless the Debtor carries his burden of proving that the property is necessary for an effective reorganization and that there is a reasonable possibility of a successful reorganization within a reasonable time. 11 U.S.C. §362(g)(2); *In re Bonner Mall P'ship*, 2 F.3d 899, 902 (9th Cir. 1993).

With respect to real property that is the Debtor's principal residence and a motion for relief from the automatic stay under 11 U.S.C. §362(d)(2), the Debtor has the burden of proving a genuine need for the residence; thus, where more affordable alternative housing is available to debtor, whether by rent, lease or purchase, the residence is not necessary to effective reorganization. *In re Leonard*, 151 B.R. 639, 645 (N.D. N.Y. 1992).

Property is not necessary to effective reorganization simply because the purpose of filing the petition in Chapter 11 was to save the residence from foreclosure. *In re Wilks*, 123 B.R. 555, 561 (Bankr.W.D.Tex. 1991); *In re Gregory*, 39 B.R. 405 (Bankr.M.D.Tenn. 1984).

4

1       The key factor to be considered in determining whether a non-business Chapter 11 debtor's residence is necessary to an effective reorganization is whether there is a lack of suitable alternative housing in the area at a cost comparable to or less than the debtor's current mortgage payment. *See In re Gregory*, 39 B.R. 405, 411 (Bankr.M.D.Tenn. 1984). In this context, suitable alternative housing is measured according to the debtor's minimum living requirements. *See id.* The debtor has the burden of proving genuine need for the residence. Thus, where more affordable housing is available to the debtor, whether by rent, lease or purchase, the residence is not necessary to an effective reorganization. *In re McIntyre*, 96 B.R. 65, 67 (Bankr.S.D.Miss. 1988).

      In this case, the Debtor's Schedules I - Income and J Expenses, copies of which are attached hereto as Exhibit F, indicates that the Debtor and his spouse have total monthly income of $1,380.00. **The monthly payment on this subject loan, however, is $6,667.04.** Further, the Debtor identifies his employment as an Operating Manager wit LK Imperial Development, LLC. LK Imperial Development, LLC, however, is in its own bankruptcy proceeding pending before this Court, Case No. 11-17482-MM11.

      In addition to the above, there are minimal unsecured creditors scheduled by the Debtor in this proceeding.

      Simply put, with the subject loan in substantial default, and with no equity in the subject property and no ability to make monthly payments as they come due, it is clear that this Debtor will have no basis, means, or prospect to reorganize in this proceeding.